UNITED STATES of America, Plaintiff—Appellee,

v.

Robert CRUZ–AYON, aka Alberto Aguinaga–Ceja, Defendant—Appellant.

No. 04–10328.

United States Court of Appeals, Ninth Circuit.

Aug. 11, 2005.

R. Don Gifford, II, USRE–Office of the U.S. Attorney, Reno, NV, for Plaintiff—Appellee.

Michael K. Powell, Esq., FPDNV–Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

ON REMAND FROM THE UNITED STATES SUPREME COURT. D.C. No. CR–03–00033–ECR.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM *

The Supreme Court vacated our judgment entered December 6, 2004, and remanded for further consideration in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Cruz–Ayon's Sixth–Amendment challenge to his enhancement under U.S.S.G. § 2L1.2(b) remains foreclosed after *Booker*. *See United States v. Moreno–Hernandez*, No. 03–30387, 2005 WL 1560269, *8 n. 8 (9th Cir. July 5, 2005) (explaining that a district judge's enhancing a sentence based on the fact of a prior conviction under

---

§ 2L1.2 does not raise any Sixth Amendment problems).

Because Cruz–Ayon was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez, id.*, at *9 (extending *Ameline*'s limited remand procedure to cases involving non-constitutional *Booker* error).

**REMANDED.**

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

